```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOAN ROBEY and DAVID ROBEY**

        **Plaintiffs,**

**v.**                              **//   CIVIL ACTION NO. 1:08CV39**
                                                  (Judge Keeley)

**KEVIN SKIDMORE, an uninsured motorist, PROGRESSIVE MAX INSURANCE CO., a foreign company, STATE FARM FIRE and CASUALTY COMPANY, a foreign insurance company, and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance company,**

        **Defendants.**

**MEMORANDUM OPINION/ORDER GRANTING
<u>PLAINTIFF'S MOTION TO REMAND</u>**

Before this Court is the motion to remand filed by the plaintiffs, Joan Robey ("Ms. Robey") and her son, David Robey, ("Mr. Robey") (collectively the "Robeys"). For the reasons that follow, the Court **GRANTS** the motion.

<u>I. Factual and Procedural Background</u>

According to the complaint, on or about June 24, 2007, the Robeys were involved in an automobile accident on U.S. Route 50 in Harrison County, West Virginia. Allegedly, defendant Kevin Skidmore ("Skidmore") pulled out of an adjoining road suddenly and impacted the Robeys' vehicle. Skidmore also allegedly was intoxicated at the time.

**MEMORANDUM OPINION/ORDER GRANTING**
**PLAINTIFF'S MOTION TO REMAND**

The Robeys claim physical injuries to Ms. Robey, including fractures to her neck, multiple rib fractures, a fractured wrist and a fracture to an ankle. Her medical bills exceed $200,000. Additionally, the Robeys claim that Ms. Robey has suffered, and will continue to suffer, pain, discomfort, mental anguish and disability. She also has limited capacity to enjoy life and to engage in normal activities and has incurred annoyance and inconvenience as well as expenses for her care and assistance. They also allege that she will require future medical care and treatment.

The Robeys also claim that Mr. Robey suffered physical injuries, including a fractured right leg. His medical and other out-of-pocket expenses to care for himself and his mother exceed $85,000. They also claim that Mr. Robey suffered emotional pain, anguish and anxiety as a result of the severe and life threatening injuries his mother sustained, which placed her in a hospital for over two months.

On or about December 11, 2007, the Robeys filed two complaints in the Circuit Court of Pleasants County, West Virginia. One of the complaints alleges causes of action against Skidmore and defendant Progressive Max Insurance Company ("Progressive"). The other

complaint alleges causes of action against defendants State Farm Fire and Casualty Company and State Farm Mutual Automobile Insurance Company (collectively "State Farm").

The Robeys assert two causes of action against Skidmore, four causes of action against Progressive and one cause of action against State Farm. Their first complaint alleges negligence against Skidmore and seeks to recover punitive damages. It also alleges a failure to reasonably settle within policy limits, breach of the West Virginia Unfair Trade Practices Act ("UTPA"), common law bad faith, and recovery of policy limits against Progressive. The second complaint seeks a judgment against State Farm declaring that one million dollars of uninsured motorist coverage exists for the automobile accident.

West Virginia's Secretary of State accepted service of process on behalf of Progressive on December 13, 2007, and on behalf of State Farm on February 4, 2008. Progressive removed the first case on January 14, 2008; State Farm removed the second case on February 19, 2008. On January 18, 2008, Progressive filed an answer and counterclaim against the Robeys. On January 31, 2008, a guardian <u>ad litem</u> ("GAL") appointed by the state court filed an answer on behalf of Skidmore. Then, on February 4, 2008, the

**MEMORANDUM OPINION/ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND**

Robeys filed this motion to remand. On April 1, 2008, the Court granted State Farm's unopposed motion and consolidated the two cases.

II. Legal Standards

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chemical Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. McNutt v. Bland, 43 U.S. 9, 14 (1844).

In the context of uninsured and underinsured motorist litigation, the Fourth Circuit has not yet spoken on what test the district court should apply to determine whether a named motorist defendant is a nominal party or a real party in interest to the litigation. To decide this question, both parties draw this Court's attention to decisions from the United States District Court for the Southern District of West Virginia.

III. Analysis

The Robeys allege that this Court lacks subject matter jurisdiction because there is no federal question and there is not complete diversity between the parties. They argue that, because

Skidmore and both plaintiffs are all residents of West Virginia, the case must be remanded to state court.

Progressive asserts that Skidmore is a nominal party whose citizenship should be disregarded for the purpose of determining whether diversity jurisdiction exists. It relies on <u>Kidd v. Gilfilen</u>, 170 F.Supp.2d 649 (S.D.W.Va. 2001); and <u>Tilley v. Allstate Insurance Co.</u>, 40 F. Supp.2d 809 (S.D.W.Va. 1999), to support it position.

The Robeys contend that both <u>Kidd</u> and <u>Tilley</u> are distinguishable because in those cases there was no possibility that the named motorists could be held personally liable for any judgment. Here, by contrast, Skidmore could be personally liable to pay a judgment. Moreover, unlike the defendants in <u>Kidd</u> and <u>Tilley</u>, by filing an answer denying the allegations in the complaint, Skidmore has appeared to oppose and defend this action.

The Robeys also cite <u>Spencer v. Harris</u>, 394 F.Supp.2d 840 (S.D.W.Va. 2005), in support of their position. They argue that in <u>Spencer</u>, a case from the Southern District of West Virginia, the court remanded a case in which the uninsured motorist defendant had opposed the lawsuit and had the potential to be held personally

liable. The motorist, thus, was not a nominal defendant and his presence defeated diversity.

Progressive asserts that the Robeys have misrepresented <u>Kidd</u> and its test for determining whether an uninsured motorist is a real party in interest. According to Progressive, the Court should first decide whether Skidmore has a "substantial stake" in this litigation and then determine his level of control over the course of this litigation.

According to Progressive, Skidmore does not have a substantial stake in this litigation because the damages the Robeys seek to recover are from Progressive as a result of Skidmore's alleged conduct. Progressive also asserts that it, not Skidmore, controls the course of this litigation; Skidmore has merely filed an answer through a GAL. Progressive further insists that Skidmore has personally taken no affirmative steps to appear and defend this action. Finally, Progressive contends that the only reason the Robeys are suing Skidmore is because Progressive has failed to pay their claim.

The Robeys, on the other hand, contend that <u>Kidd</u> does not establish a bright line rule for all cases. They also note that the presence of Skidmore by a GAL is proper in this case; that

Skidmore, through the GAL, has contested the allegations; and that Progressive never objected to the presence of a GAL, nor did it at any point ask the state court to reconsider such an appointment.

The Robeys further assert that the motorist defendant in Spencer had not made a formal appearance before the court but merely had denied liability in a deposition. Here, by contrast, Skidmore actually answered the complaint and denied the allegations. The Robeys also point out that, even if a judgment against Skidmore would be of limited utility at the moment, it would continue to follow him after he is released from prison and, eventually, could be collectable since such a debt is not dischargable in bankruptcy.

After thoroughly reviewing the various arguments of the parties and the cases cited in support of those arguments, the Court finds the Robeys' position more persuasive. Although not binding on this Court, the cases from the Southern District of West Virginia cited by the parties are relevant and helpful.

The holding in Kidd v. Gilfilen it is distinguishable from the facts in this case. In Kidd, the court determined that the motorist was a nominal party because: (1) any judgment actually collected would not be from her, but rather from the insurance

company; and (2) she had not appeared before the court. 170 F.Supp.2d at 651-52. Whether uninsured motorist coverage ("UM coverage") actually existed was never in dispute. Id. at 650. The liability of the defendant motorist was the only contested issue in the case. Id. Consequently, had the defendant motorist in Kidd been found liable, the insurance company would have been obligated to pay under the UM coverage. Id.

Here, Skidmore is in prison and the Robeys admit that, at least right now, there is very little prospect of collecting any judgment against him. Unlike the defendant in Kidd, Skidmore has appeared and answered the complaint, however, denying the allegations against him. Although Skidmore technically acted through a GAL appointed by the state court due to his legal incapacity, the fact remains that he has legally appeared in this case and contested the allegations against him. That fact alone distinguishes the Robeys' cases from Kidd.

The most compelling difference, however, is that there is a real dispute in this case about whether the Robeys have UM coverage. In their answers and elsewhere, both Progressive and State Farm vigorously contend that no UM coverage exists. Progressive argues that the Robeys were not driving a covered

vehicle at the time of the accident, while State Farm contends they had waived UM coverage. Theoretically, therefore, the Robeys could prevail at trial against Skidmore on liability, but the jury could find that no UM coverage exists. Such a result was not possible in Kidd.

In such a scenario, Skidmore would be solely liable for the judgment and the Robeys would have to monitor his status to file appropriate documents in an effort to collect whatever funds they could find. As the Robeys assert, should they succeed in establishing that Skidmore was intoxicated at the time of the accident, the judgment would be a debt that Skidmore could not discharge in bankruptcy. 11 U.S.C. § 523(a)(9).

Tilley v. Allstate Insurance Co. also is distinguishable. The plaintiffs in Tilley had already settled with the named motorist defendant before filing an action against the insurance company. 40 F.Supp.2d at 811. Thus, the motorist could not be held personally liable on any judgment. Id. at 812. As already noted, that is not the case here.

Spencer v. Harris also supports remanding this case. In Spencer, the court held that an uninsured motorist who merely denied liability at a deposition was a real party in interest who

destroyed diversity. 394 F.Supp.2d at 845. That motorist had neither retained counsel nor made an appearance before the court. Id. Nonetheless, he was found to be a real party in interest because (1) at a deposition he had denied liability, and (2) there was a possibility that he might be personally liable on any judgment. Id. In contrast, Skidmore has both made an appearance and also contested liability by filing an answer. It also is possible that he could be personally liable on any judgment.

Consequently, the Court concludes that Skidmore is a real party in interest to this litigation and that complete diversity does not exist among the parties. The Court, therefore, **REMANDS** this case to the Circuit Court of Pleasants County, West Virginia for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record and to dismiss this case form the Court's docket.
DATED: April 23, 2008

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE